UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

LANDMARK AMERICAN INSURANCE
COMPANY,

       Plaintiff,

  vs

LA ROSA LOGISTICS, INC., a
Florida Corporation; THE E T
FAMILY PARTNERSHIP; and
CARLOS E. BUSTO, individually,

       Defendants
_____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, **LANDMARK AMERICAN INSURANCE COMPANY** ("LANDMARK"), by and through the undersigned counsel, hereby sues the Defendants, **LA ROSA LOGISTICS, INC.**, a Florida Corporation ("LA ROSA LOGISTICS"); **THE E T FAMILY PARTNERSHIP;** and **CARLOS E. BUSTO,** individually, and states:

## COMMON ALLEGATIONS

1. This is an action for a declaratory judgment, brought pursuant to Chapter 86 of the Florida Statutes, to determine and declare the rights of the parties under a policy of insurance issued by Plaintiff, LANDMARK, and the rights of the parties under a contract between some of the parties, and otherwise within the jurisdiction of this Court.

2. This is an action for damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of costs and interest.

3. Plaintiff, LANDMARK, is, and at all times material hereto, was a corporation formed under the laws of Oklahoma with its principal place of business in the state of Oklahoma.

4. Defendant, LA ROSA LOGISTICS, was at all times material hereto, a corporation formed under the laws of Florida with its principal place of business in Miramar, Broward County, Florida.

5. Defendant, THE E T FAMILY PARTNERSHIP, is a partnership formed under the laws of Florida with its principal place of business in Palm Beach County, Florida.

6. Defendant, BUSTO, is an individual who is domiciled in Miami-Dade County, Florida. He is a resident of Miami-Dade County, Florida, and upon information and belief, intends to remain there.

7. On December 12, 2012, BUSTO was allegedly injured when he was exiting the premises located at 3555 NW 77th Avenue, Suite 108, Miami, FL ("subject property") and was caused to slip and fall due to a defective ladder, which was attached to a wall on the premises.

8. On February 26, 2014, BUSTO filed a First Amended Complaint for Damages and Demand for Jury Trial against THE E T FAMILY PARTNERSHIP in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, FL under Case No: 13-032873CA01. Within his First Amended Complaint, BUSTO alleges that he was exiting his place of employment at the premises when he slipped and fell, and injured himself. The First Amended Complaint alleges that THE E T FAMILY PARTNERSHIP owned, controlled, and maintained the subject property, and BUSTO alleges one count of negligence against THE E T FAMILY PARTNERSHIP. Within same, BUSTO alleges that THE E T FAMILY PARTNERSHIP did not properly ensure the ladder was safe, and negligently allowed the defective ladder to remain on the subject property.

9. On May 26, 2015, THE E T FAMILY PARTNERSHIP filed a Third-Party Complaint in the same case against LA ROSA LOGISTICS. Within same, THE E T FAMILY

PARTNERSHIP alleges that it leased the subject property to Associated Grocers, Inc., and that Associated Grocers, Inc. subleased the subject property to LA ROSA LOGISTICS.

10. The Third-Party Complaint also alleges that BUSTO was an invitee on the subject property at the time of the incident, and was, in fact, an employee of LA ROSA LOGISTICS. Furthermore, it alleges that LA ROSA LOGISTICS was in exclusive control of the subject property on the date of the alleged incident.

11. Therefore, the Third-Party Complaint against LA ROSA LOGISTICS includes a claim for negligence, common-law indemnity, and contractual indemnity, which was based on a Lease Agreement between LA ROSA LOGISTICS and Associated Grocers, Inc. THE E T FAMILY PARTNERSHIP alleges that LA ROSA LOGISTICS is contractually liable to provide indemnification to it and hold it harmless for any sums it may be required to pay BUSTO.

12. On March 30, 2012, LANDMARK issued a policy of insurance bearing policy number LBA161801 providing commercial general liability insurance coverage to LA ROSA PROPERTIES, LLC ("LA ROSA PROPERTIES") for the policy period of 03/30/12 to 03/30/13 ("LANDMARK POLICY"). A complete copy of the subject policy is attached hereto as *Exhibit* 1, and fully incorporated herein.

13. On March 1, 2010, Associated Grocers, Inc. entered into a Sublease Agreement with LA ROSA LOGISTICS for the sublease for frozen warehouse space and two office spaces ("Sublease Agreement"). A complete copy of the contract is attached hereto as *Exhibit* 2, and is fully incorporated herein.

**COUNT I
DECLARATORY JUDGMENT RE:
NO COVERAGE FOR LA ROSA LOGISTICS UNDER LANDMARK POLICY**

14. LANDMARK re-alleges and re-avers all of the allegations contained in

paragraphs 1-13 above as if fully set forth herein.

15. Section II – Who Is An Insured of the LANDMARK POLICY states:

   1. If you are designated in the Declarations as:
      c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your own business. Your managers are insureds, but only with respect to their duties as your managers.
   2. Each of the following is also an insured:
      a. Your "volunteer workers" only while performing duties related to the conduct of your business or your "employees" other than… your managers, but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

16. The Declarations of the LANDMARK POLICY designate LA ROSA PROPERTIES, LLC as the named insured.

17. The Florida Department of State Division of Corporations reflects that LA ROSA PROPERTIES, LLC was a limited liability company formed under the laws of Florida in 2001 with its principal place of business located at 2050 NW 95th Ave, Miami, FL 33172.

18. On the other hand, the Florida Department of State Division of Corporations reflects that LA ROSA LOGISTICS, INC. was a corporation formed under the laws of Florida in 1999 with its principal place of business located at 3351 SW 130th Ave., Miramar, FL 33027.

19. Defendant, LA ROSA LOGISTICS, INC. is an entity that is completely separate and distinct from the named insured, LA ROSA PROPERTIES, LLC.

20. LA ROSA LOGISTICS, INC. is not a member or manager of LA ROSA PROPERTIES, LLC nor is it a volunteer worker or employee of LA ROSA PROPERTIES, LLC. Further, there is no Endorsement in the LANDMARK POLICY listing LA ROSA LOGISTICS, INC. as an Additional Insured.

21. The LANDMARK POLICY at issue in the instant case is actually a renewal of Policy No: LBA114848 ("PRIOR LANDMARK POLICY"). This PRIOR LANDMARK

4

POLICY listed the same named insured, LA ROSA PROPERTIES, LLC, and was issued on 03/30/11. The policy period of the PRIOR LANDMARK POLICY was 03/30/11 to 03/30/12. A complete copy of the prior Landmark Policy is attached hereto as *Exhibit* 3, and fully incorporated herein.

22. At the time the insured applied for the PRIOR LANDMARK POLICY, it signed and dated the application reflecting the insurance was being obtained for LA ROSA PROPERTIES, LLC. See attached *Exhibit* 4. The application explicitly stated that the entity applying for insurance was a limited liability company, a tenant of the building, and requested Lessor's Risk Only coverage. See attached *Exhibit* 4. It further stated the name of the entity was LA ROSA PROPERTIES, LLC, which was signed on behalf of the applicant. See *Exhibit* 4. The name LA ROSA LOGISTICS, INC. appears absolutely nowhere within the application for insurance. See *Exhibit* 4.

23. Thereafter, the subject LANDMARK POLICY, was a renewal of the PRIOR LANDMARK POLICY from the prior year. As stated above, the subject LANDMARK POLICY had a policy period of 03/30/12 to 03/30/13. Consequently, there was not an entirely new application filled out for the subject LANDMARK POLICY. Instead, the subject LANDMARK POLICY maintained all of the same information and language of the PRIOR LANDMARK POLICY and simply renewed it. Likewise, there is no mention of or indication of the existence of LA ROSA LOGISTICS, INC.

24. Ultimately, LA ROSA LOGISTICS, INC. does not fall within the definition of an insured under the LANDMARK POLICY in any way.

25. Since LA ROSA LOGISTICS, INC. does not fall within the definition of an insured, there is correspondingly no coverage for LA ROSA LOGISTICS, INC. with respect to

the above-described incident under the subject LANDMARK POLICY.

26. However, LA ROSA LOGISTICS, INC. claims it meant to be an insured under the subject LANDMARK POLICY.

27. Consequently, there is a bona fide actual and present need for a declaration of rights under the subject LANDMARK POLICY. Based upon the terms of the subject LANDMARK POLICY, Plaintiff is entitled to a declaration that:

(a) There is no coverage for LA ROSA LOGISTICS, INC. under policy LBA161801 for the incident that occurred on 12/12/12 involving BUSTO; and

(b) LANDMARK is relieved of any obligation under the policy to pay a judgment or defend the lawsuit for LA ROSA LOGISTICS, INC.

28. Plaintiff has had to retain the law offices of Roberts, Reynolds, Bedard & Tuzzio, PLLC, and is obligated to pay a reasonable fee for services.

WHEREFORE, Plaintiff, LANDMARK AMERICAN INSURANCE COMPANY, respectfully requests this Court declare accordingly, and any other such relief as this Court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT RE:
## NO DEFENSE OR INDEMNIFICATION FOR THE E T FAMILY PARTNERSHIP UNDER THE LANDMARK POLICY

29. LANDMARK re-alleges and re-avers all of the allegations contained in paragraphs 1-13 above as if fully set forth herein.

30. On March 1, 2010, LA ROSA LOGISTICS, INC. entered into a Sublease For Frozen Warehouse Space and Two Office Spaces with Associated Grocers of Florida, Inc. See *Exhibit* 2. Associated Grocers of Florida, Inc. was the Lessor and LA ROSA LOGISTICS, INC. was the Lessee.  See *Exhibit* 2.

31. Pursuant to Section 1. The Frozen Space and The Office Spaces, A. Underlying Lease, of the Sublease Agreement:

> (1) Lessor is a tenant and assignee under a lease originally entered into between G.R. Warehouse Company, Ltd. and The Grand Union Company dated July 19, 1973 with respect to real property located at 3555 NW 77th Avenue, Miami, FL. The property consists of warehouse space having 150,215 square feet, a service garage, frozen space, 37 truck bays, and parking for trucks and other vehicles.
>
> (2) Since execution of the Ground Lease in 1973, various parties have been tenants, assignees, and assignors of and successors-in-interest in the Property. Lessor warrants that Lessor has the right to sublease such Property, in whole or in part, to an interested party or parties, including Lessee.

32. <u>Section 12. Insurance</u> of the Sublease states as follows:

> B. Throughout the Term and with terms and insurance companies satisfactory to Lessor, Lessee shall carry the following insurance on the Frozen Space and Office Spaces, which policy shall cover Lessee and **name Lessor as an additional insured** and loss payee: commercial general liability insurance providing coverage in the amount of $1,000,000 per occurrence for bodily injury, including death and/or personal injury and $500,000 in property damage insurance for a combined single limit of $1,000,000.

33. <u>Section 18. Indemnification</u> of the Sublease states as follows:

> For and throughout the Term and except as otherwise specifically provided herein, Lessee shall indemnify, hold harmless, and at Lessor's option, **defend Lessor, directors, officers, employees, subcontractors, agents, and representatives, including mortgagee**, if any, from and against any and all liability, liens, claims, demands, damages, expenses, fees, costs, fines, penalties, suits, proceedings, actions and causes of action of any and every kind and nature arising or growing out of or in any way connected with Lessee's use, occupancy, management, or control of the Frozen Space or Office Spaces or Lessee's operations, conduct, or activities in the Frozen Space or Office Spaces. Lessee further agrees to indemnify, defend, and hold Lessor harmless from all damages resulting from theft or through the actions of Lessor's employees, unless such action amounts to gross negligence or willful misconduct by or on behalf of Lessor.

34. LA ROSA PROPERTIES, LLC, the named insured under the subject LANDMARK POLICY is not even a party to the Sublease Agreement.

35. Even if LA ROSA PROPERTIES, LLC was somehow a party to the Sublease Agreement, THE E T FAMILY PARTNERSHIP nevertheless is not.

36. Section 12 of the Sublease does not require that insurance be obtained and name THE E T FAMILY PARTNERSHIP as an Additional Insured.

37. Further, under Section 18 of the Sublease, THE E T FAMILY PARTNERSHIP is

not a director, officer, employee, subcontractor, agent, representative, or mortgagee of Associated Grocers of Florida, Inc. According to the Third-Party Complaint, if anything, THE E T FAMILY PARTNERSHIP is a Lessor of property leased to Associated Grocers of Florida Inc. Consequently, THE E T FAMILY PARTNERSIP is not in privity with LA ROSA LOGISTICS, INC., and certainly not with LA ROSA PROPERTIES, LLC., and is not a party to the Sublease Agreement under which it claims a right to a defense and indemnification.

38. Since LA ROSA PROPERTIES, LLC is not a party to the Sublease Agreement and neither is THE E T FAMILY PARTNERSHIP, there is no basis for which THE E T FAMILY PARTNERSHIP is entitled to a defense or indemnification from LA ROSA PROPERTIES, LLC with respect to the underlying incident or the Third-Party Complaint.

39. However, THE E T FAMILY PARTNERSHIP claims there is.

40. Consequently, there is a bona fide actual and present need for a declaration of rights under the Sublease Agreement. Based upon the terms of the Sublease Agreement, Plaintiff is entitled to a declaration that:

    (a) LA ROSA PROPERTIES, LLC is not a party to the Sublease Agreement;

    (b) THE E T FAMILY PARTNERSHIP is not a party to the Sublease Agreement;

    (c) There is no basis under the Sublease Agreement whereby LA ROSA PROPERTIES, LLC should defend or indemnify THE E T FAMILY PARTNERSHIP based on the facts of the underlying incident; and

    (d) LANDMARK is relieved of any obligation under the policy to pay a judgment or defend the lawsuit for THE E T FAMILY PARNTERSHIP.

41. Plaintiff has had to retain the law offices of Roberts, Reynolds, Bedard & Tuzzio, PLLC, and is obligated to pay a reasonable fee for services.

WHEREFORE, Plaintiff, LANDMARK AMERICAN INSURANCE COMPANY,

respectfully requests this Court declare accordingly, and any other such relief as this Court deems just and proper.

**Dated:  February 4, 2016**

                                        Respectfully Submitted,

/s/Benjamin L. Bedard

BENJAMIN L. BEDARD
Fla. Bar No: 983772
bbedard@rrbpa.com
LAURA E. BEDARD
Fla. Bar No: 640344
lbedard@rrbpa.com
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Suite C-101
West Palm Beach, FL 33458
Telephone (561) 688-6560
Facsimile (561) 688-2343
Attorneys for Plaintiff